IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

MAY 0 4 2015

PER _____ CR
DEPUTY CLERK

| | | |
|---|---|---|
| LEONIDAS R. FIELDS, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 3:CV-15-575 |
| FEDERAL BUREAU OF PRISONS, ET AL., | : | (Judge Conaboy) |
| Defendants | : | |

## MEMORANDUM
### Background

Leonidas R. Fields (Plaintiff), an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (SP-Allenwood), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. The Plaintiff has also submitted an in forma pauperis application.[1]

Named as Defendants are the Federal Bureau of Prisons (BOP); the United States Parole Commission (Parole Commission) and three of its employees Chairman Issac Fullwood, General Counsel Sharon Gervasoni, and Examiner Tanner. Other Defendants include Assistant United States Attorneys Dennis Pfannenschmidt and Michael Butler as well as Paralegal Cynthia Roman of the United States Attorney's Office for the Middle District of Pennsylvania.

---

1. Fields completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Warden at his present place of confinement to commence deducting the full filing fee from Plaintiff's prison trust fund account.

Plaintiff is also proceeding against the following USP-Allenwood officials: ex-Warden Ricardo Martinez; Warden Donna Zickefoose; Attorney Michael Sullivan; Paralegal Dominic Desanto; Captain Felton; CMCs Whittmer and Michael Castagnolia; SIS Heath; Case Managers Sheehan and Dewalt; and Unit Manager Farley.

Fields describes himself as being a 67 year old inmate who killed a correctional officer 43 years ago but maintains that he is not a threat to institutional security.[2] As a result of that crime, Plaintiff states that he has been classified as requiring an hourly security check.  Plaintiff contends that there is no rational basis for the hourly check designation and that it is a retaliatory, unwarranted, punitive measure.  Fields notes that a former Warden stopped the hourly checks but they were restarted by ex-Warden Martinez after Plaintiff filed a federal habeas corpus action.

The Complaint adds that the USP-Allenwood Defendants have subjected him to verbal abuse, failed to assist him in seeking halfway house placement, compassionate release, and formulating a post release plan, and will not reduce his maximum custody classification.[3]  It is also asserted that the Parole Commission

---

2.   Plaintiff was convicted of bank robbery and jeopardy of life with a dangerous weapon in the United States District Court for the Northern District of Indiana.  While serving that resulting sentence he killed a correctional officer and was sentenced to life imprisonment on June 17, 1975.  Fields also assaulted correctional officers in 1976 and 1977.  See Doc. 1, pp. 22-23.

3.   Since there is no claim that Plaintiff has been determined to be eligible for halfway house placement, parole, or compassionate release, the basis for these allegations is unclear.

2

and Attorney General's Office Defendants acted improperly in denying his request for release on parole and have allowed him to be unlawfully detained past his maximum release date.   Plaintiff seeks compensatory and punitive damages.

### Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit)   § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.   Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).   Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."   Roman v. Jeffes, 904 F.2d

192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of <u>in forma pauperis</u> claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." <u>Deutsch v. United States</u>, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

## BOP/Parole Commission

It is well settled that the United States and other governmental entities are not persons and therefore not proper defendants in a federal civil rights action. <u>Accardi v. United States</u>, 435 F. 2d 1239, 1241 (3d Cir. 1970); <u>see also</u> <u>Hindes v. F.D.I.C.</u>, 137 F.3d 148, 159 (3d Cir. 1998); <u>Figueroa-Garay v. Muncipality of Rio Grande</u>, 364 F. Supp.2d 117, 128 (D. P. R. 2005).

In <u>Hindes</u>, <u>supra</u>, the Court of Appeals for the Third Circuit held that a federal agency is not a "person" subject to § 1983 liability, whether or not it is in an alleged conspiracy with state actors. <u>Hindes</u>, 137 F.3d at 158. Similarly, in <u>Shannon v. U.S. Parole Commission</u>, 1998 WL 557584 *3 (S.D.N.Y. Sept. 2, 1998), the district court stated that "<u>Bivens</u> claims may not be maintained

4

against federal agencies." See also Duarte v. Bureau of Prisons, 1995 WL 708427 *2 (D. Kan. Nov. 3, 1995)(the BOP "is not a proper defendant in a Bivens action."). Based on an application of the above standards, the BOP and Parole Commission are not properly named defendants and therefore entitled to entry of dismissal.

**Parole Denial/Illegal Confinement**

According to the Complaint, the Parole Commission and Attorney General's Office Defendants acted improperly in denying Plaintiff's request for parole and have allowed him to be unlawfully detained past his maximum release date.

Federal inmates challenging the duration of their confinement or seeking earlier or speedier release must assert such claims in a properly filed habeas corpus action under 28 U.S.. § 2241. Preiser v. Rodriquez, 411 U.S. 475 (1975), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied 510 U.S. 920 (1993). Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. See Georgevich

v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).   In Edwards v.
Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court
concluded that a civil rights claim for declaratory relief "based
on allegations ... that necessarily imply the invalidity of the
punishment imposed, is not cognizable" in a civil rights action.
Id. at 646.   Pursuant to the standards announced in Georgevich and
Edwards, Plaintiff's present claims of excessive confinement are
not properly raised in a civil rights complaint.[4]

The United States Supreme Court in Heck v. Humphrey, 512
U.S. 477 (1994), ruled that a constitutional cause of action for
damages does not accrue "for allegedly unconstitutional conviction
or imprisonment, or for other harm caused by actions whose
unlawfulness would render a conviction or sentence invalid," until
the plaintiff proves that the "conviction or sentence has been
reversed on direct appeal, expunged by executive order, declared
invalid by a state tribunal authorized to make such determination,
or called into question by a federal court's issuance of a writ of
habeas corpus."   Id. at 486-87.

Based on the nature of Plaintiff's allegations of improper
parole denial and excessive confinement, a finding in his favor
would imply the invalidity of the continued service of his ongoing
federal confinement.   There is no indication that Fields has
successfully challenged his failure to be released.

---

4.   It is noted that Fields recently filed a § 2241 action with
this Court regarding his pending contentions of excessive
incarceration.   Service of that petition has been ordered.

6

Consequently, pursuant to <u>Heck</u>, Plaintiff's instant Complaint to the extent that it seeks an award of monetary damages on the basis of excessive confinement is premature because he cannot maintain a cause of action for excessive imprisonment until the basis for the continued imprisonment is overturned.

**Verbal Abuse**

Plaintiff generally alleges that some of the USP-Allenwood Defendants subjected him to verbal threats that he would not be granted release and racial slurs.

The use of words generally cannot constitute an assault actionable under § 1983. <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 n.7 (2d Cir.); <u>Maclean v. Secor</u>, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); <u>Murray v. Woodburn</u>, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); <u>Prisoners' Legal Ass'n v. Roberson</u>, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983.").

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. <u>Balliet v. Whitmire</u>, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), <u>aff'd</u>, 800 F.2d 1130 (3d Cir. 1986) (Mem.). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, <u>see</u> <u>Prisoners' Legal Ass'n</u>, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause.

7

Verbal harassment or threats, with some reinforcing act accompanying them, however, may state a constitutional claim. For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife). Moreover, alleged instances of verbal harassment which are not accompanied by any physical contact are constitutionally insufficient. See Hart v. Whalen, 2008 WL 4107651 *10 (M.D. Pa. July 29, 2008);  Wright v. O'Hara, 2004 WL 1793018 *7 (E.D. Pa. 2004)(correctional officer's words and gestures, including lunging at prisoner with a clenched fist were constitutionally insufficient because there was no physical contact).

There is no indication that any of the verbal harassment allegedly voiced against Fields was accompanied by a reinforcing act involving a deadly weapon as contemplated under Northington and Douglas. More importantly, it is not alleged that any of the alleged verbal abuse was accompanied by any physically intrusive behavior or made by any of the named Defendants. Given the vague circumstances described by Plaintiff, any verbal remarks which may have been made by any of the Defendants were not of the magnitude to shock the conscience as contemplated by this Court in  S.M. v. Lakeland School District, 148 F. Supp.2d 542, 547-48 (M.D. Pa.

8

2001) and thus, did not rise to the level of a constitutional violation.

## Classification

Plaintiff alleges that the reinstatement of hourly security checks violated his constitutional rights. The United States Supreme Court has held that a federal inmate has "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); James v. Reno, 39 F. Supp. 2d 37, 40 (D.D.C. 1999)(citation omitted) (a federal inmate "has no liberty interest in his security classification").

Likewise, it has been recognized that an inmate has no justifiable expectation that he will be incarcerated in any particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Montayne v. Haymes, 427 U.S. 236, 242 (1976). Moreover, Plaintiff has not alleged that his challenged custody classification which imposed hourly security checks resulted in the type of atypical or significant hardship necessary to establish a constitutional violation under Sandin v. Conner, 515 U.S. 472, 484 (1995). See James, 39 F. Supp. 2d at 40.

Fields simply has no due process interest in a certain custodial classification which can be pursued in a civil rights action. Cardenas v. Wigen, 921 F. Supp. 291-92, 1051 (E.D. Pa. 1996); Boardley v. Federal Bureau of Prisons, Civil No. 4: CV-01-2008, slip op. at 5 (M.D. Pa. October 30, 2001)(McClure, J.).

**Retaliation**

"Retaliation for the exercise of a constitutional right is itself a violation of rights secured by the Constitution." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990); Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000)(a prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges that he was denied, only that the challenged actions were motivated in substantial part by a desire to punish him for the exercise of a constitutional right).

In Rauser v. Horn, 241 F.3d 330, 333 (2001), the Third Circuit Court of Appeals held that a prisoner must prove that the conduct which led to the alleged retaliation was constitutionally protected. If the prisoner satisfies that requirement he must then show he suffered some "adverse action" at the hands of prison officials. Id. Allah defined adverse action as being "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah, 229 F.3d at 225.

Next, the prisoner must prove a causal link between the exercise of the constitutional right and the adverse action against him. Under Rauser, once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest. Id. at 334.

10

A review of the Complaint shows that it is simply devoid of any facts which could support a claim that the reinstatement of the hourly checks occurred because Fields filed a habeas corpus petition.  It is noted that Plaintiff acknowledges that said designation was initiated because he killed a correctional officer. Although the measure was allegedly discontinued by a prior Warden, it was reinstated by subsequently appointed Warden Martinez and remains in place under current Warden Zickefoose.  Moreover, there are simply no facts presented which could support a claim that Martinez's decision to reinstate the security measure was taken in response to Plaintiff's prior unsuccessful filing of a habeas corpus action.

Plaintiff has not presented any facts which could establish a retaliatory motive by any of the Defendants.  Thus, Fields' vague, speculative, wholly conclusory claim of being subjected to retaliation fails to satisfy the requirements of <u>Sprouse</u> and <u>Rauser</u>.

**Emotional Injury**

Finally, Plaintiff is not entitled to recover compensatory damages for mental anguish or emotional injury.  42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  In <u>Allah v. Al-Hafeez</u>, 226 F.3d 247,250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff

11

fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages.  However, the Third Circuit Court of Appeals added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm.

Under the standards announced in <u>Allah</u>, Plaintiff's request for monetary relief to the extent that it seeks compensatory damages for emotional and mental injuries for violation of his constitutional rights is barred by Section 1997e(e).

**Conclusion**

Since Fields' Complaint is "based on an indisputably meritless legal theory," his pending claims will be dismissed, without prejudice, as legally frivolous.  <u>Wilson</u>, 878 F.2d at 774. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: MAY 4th, 2015

12